**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CARRILLO PROPERTY, LLC 1-100,<br><br>Plaintiff,<br><br>v.<br><br>JENNIFER ROBINSON; and RUCHELL ROBINSON,<br><br>Defendants. | Case No.: 17cv2505-MMA (JLB)<br><br>**ORDER *SUA SPONTE* REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

On December 14, 2017, Defendants Jennifer Robinson and Ruchell Robinson ("Defendants"), proceeding *pro se*, filed a notice of removal in this unlawful detainer action from the Superior Court of the State of California for San Diego County. *See* Doc. No. 1. Based upon the Court's review of Defendants' notice of removal, the Court finds it does not have subject matter jurisdiction over this action. Accordingly, the Court *sua sponte* **REMANDS** the action to state court.

### DISCUSSION

Federal courts are of limited jurisdiction. *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007). Federal courts possess only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The Court is constitutionally required to raise issues related to federal

subject matter jurisdiction, and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441, *et seq*. A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10-11 (1983). Additionally, a federal court also has jurisdiction over an action involving citizens of different states when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assoc.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . . ." *Franchise Tax Bd.*, 463 U.S. at 9-10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

Defendants argue that this action is properly removable based on federal question jurisdiction. *See* Doc. No. 1 at 8. Specifically, Defendants allege that the Court has jurisdiction pursuant to the Emergency Economic Stabilization Act, the American Recovery and Investment Act, the Securities Act, and the Exchange Act. *See id.* In

liberally construing the notice of removal, any purported federal rights or claims would be defenses and potential counterclaims against Plaintiff. However, neither defenses nor counterclaims are considered in evaluating whether a federal question appears on the face of a plaintiff's complaint. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (federal question jurisdiction cannot "rest upon an actual or anticipated counterclaim"); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint."). Because no federal claim is present on the face of the state court complaint, Defendants fail to establish that the Court has federal question jurisdiction under 28 U.S.C. § 1441.

Defendants also fail to establish that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. The notice of removal does not demonstrate that the amount in controversy exceeds $75,000, and the face of the state court complaint clearly demonstrates that Plaintiff seeks damages not to exceed $10,000. *See* Doc. No. 1-3 at 2. Thus, Defendants fail to establish that the Court has diversity jurisdiction.

In sum, Defendants have not adequately established a basis for this Court's subject matter jurisdiction. The Court must remand the case. *See* 28 U.S.C. § 1447(c).

## CONCLUSION

Based on the foregoing, Defendants have not adequately established a basis for this Court's subject matter jurisdiction. Accordingly, the Court *sua sponte* **REMANDS** this action to the Superior Court of the State of California for San Diego County. The Clerk of Court is instructed to close the case.

Date: December 14, 2017

HON. MICHAEL M. ANELLO
United States District Judge